It CAN NE L L A, J.,
concurring with reasons.
I concur in the result reached by the majority. However, rather than “amend” the judgment, I would affirm and “render” a judgment for the percentages of fault and various elements of damages which were omitted from the trial court judgment, but referred to in the “Reasons for Judgment.” Although the' percentages of fault and the award made for the various elements of damages were mentioned in the reasons for judgment, the reasons have no legal effect and silence in a judgment indicates that the relief was denied. Therefore, I would state the decree as follows:
Accordingly, we hereby render judgment in favor of LeBlane Hyundai and against Plaintiff, Katrina Schexnayder, dismissing LeBlane Hyundai with prejudice.
We further find Plaintiff to be 70% at fault for her damages, and render judgment in favor of Plaintiff and against Defendant, the State, through the Department of Transportation and Development, for 30% of the fault.
Judgment for Plaintiff is hereby awarded against the State, through the Department of Transportation and Development, for $450,000 in general damages, $58,344.13 in past medical expenses, $50,500 in future medical ^expenses, $30,000 in future pain and suffering, and $3,120 in past lost wages (for a total damage award of $591,964.13), subject to a 70% reduction in favor of the State, through the Department of Transportation and Development. All other parts of the judgment of July 9,1999 are herein affirmed.